UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

KEVIN BROWN, *et al.*,

            Defendant.

**DECISION AND ORDER**
19-CR-186-A

---

This case was referred to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On April 14, 2021, Magistrate Judge Roemer filed a Report and Recommendation, Dkt. No. 203, recommending that the Court deny defendant Kevin Brown's motion to suppress a firearm seized after a vehicle stop. Dkt. No. 73.

Defendant Brown filed objections to the Report and Recommendation on May 12, 2021. Dkt. No. 208. The United States filed a response, Dkt. No. 217, and defendant did not file a reply. Oral argument of defendant's objections was held on June 28, 2021.

Pursuant to 28 U.S.C. §636(b)(1), the Court applies a *de novo* standard of review to the portions of a report and recommendation to which specific objections have been raised. Upon *de novo* review, the Court adopts the proposed findings of fact and nearly all the conclusions of the April 14, 2021 Report and Recommendation.

Defendant Brown's primary objection to the Report and Recommendation is that an initial attempt by law enforcement to stop the vehicle that the defendant was driving on February 23, 2018, and from which the firearm that is the subject of the motion to suppress was seized, was not supported by reasonable suspicion. The objection is misplaced.

As the Magistrate Judge found, when Detective Cooley attempted to stop the vehicle defendant Brown was driving, and as four marked police cars with lights and sirens activated approached in an on-coming lane, the defendant pulled over. But within seconds of pulling over, the defendant put the vehicle in reverse, bumped into the front of unmarked police car the Detective was still in, made a U-turn in front of the fast approaching marked police cars and drove away. These circumstances establish that the Detective had not, when the vehicle driven by the defendant momentarily halted, stopped either the vehicle or the defendant for Fourth Amendment purposes. *United States v. Baldwin*, 496 F. 3d 215, 218-19 (2d Cir. 2007). As a result, whether there was objectively reasonable suspicion to justify a law enforcement stop of the vehicle and defendant at the time of the momentary halt is irrelevant.

After defendant Brown evaded Detective Cooley by making a U-turn and pulling away in the opposite direction in front of the marked police cars, officers observed plastic baggies and "debris" being thrown out of the vehicle. The defendant *did* submit to the authority of the marked police cars that pursued him when he pulled over a short distance later. That was the only stop of the vehicle and the defendant for Fourth Amendment purposes.

Defendant Brown argues that he did not think that Detective Cooley was a law enforcement officer when he pulled away in the opposite direction. If that were so, an inference that the defendant was fleeing law enforcement when he evaded the Detective after momentarily halting would be unfounded. However, the Court sees no reason to upset the factual findings of the Magistrate Judge that rejected the defendant's implausible version of the events leading up to the eventual vehicle stop. Accordingly, suffice it to say that the Court concludes that there was reasonable suspicion to stop the vehicle the defendant was driving on February 23, 2018, after the defendant evaded the Detective while baggies and debris were being thrown from the vehicle just before it was stopped by the marked police cars.

Otherwise, the Court adopts the April 14, 2021 Report and Recommendation, Dkt. No. 203, as well as its factual findings and remaining conclusions, for the reasons stated by the Magistrate Judge. Defendant Brown's motion to suppress a firearm, Dkt. No. 73, is therefore denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　___*s/Richard J. Arcara*___
　　　　　　　　　　　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

Dated: July 28, 2021