UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

    v.

RENO SAYLES, JR.,                             19-CR-186 (JLS)
KEVIN BROWN,
MARLON WORTHY,

          Defendants.
_____

## DECISION AND ORDER

      Defendants Reno Sayles Jr., Kevin Brown, and Marlon Worthy have moved, based on recently disclosed *Jencks* material, to reopen the suppression hearing, to reopen suppression motions, and to dismiss the charges. *See generally* Dkts. 307, 308, 320, 324. The Government opposed. Dkt. 325. Defendants Worthy and Sayles replied. Dkts. 328, 329.

      It is "within the district court's discretion to reopen a suppression hearing." *United States v. Lucas*, 379 F. Supp. 3d 182, 188 (W.D.N.Y. 2019) (quoting *United States v. Tisdol*, 450 F. Supp. 2d 191, 194 (D. Conn. 2006)). A court does not abuse its discretion in declining to reopen the hearing when the proffered new evidence does not "bear on the core findings of the suppression hearing." *Id.* at 189 (quoting *United States v. Oquendo*, 192 F. App'x 77, 81 (2d Cir. 2006)).

      Upon review of the parties' submissions, Judge Roemer's thorough Report and Recommendation, and the relevant record, including transcripts of the

suppression hearing, this Court concludes that there was and remains sufficient evidence to form the basis for reasonable suspicion and the *Terry* stop. Nothing about the new evidence alters the conclusion. Thus, this Court declines to disturb Judge Roemer's findings and to reopen the suppression hearing.

Defendants' motions (Dkts. 307, 308, 320) are denied.

SO ORDERED.

Dated:   January 6, 2022
         Buffalo, New York

<u>s/ John L. Sinatra, Jr.</u>
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE
